NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AOUA NATOMA OVERTON, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-72566 <br>      16-70620 <br><br> Agency No. A096-433-169 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2018[**]
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Aoua Natoma Overton, a native and citizen of Mali, married Clark Overton in

February 2007, and subsequently obtained conditional permanent residency.  The

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

spouses could have later petitioned jointly to remove the condition on Ms. Overton's residency. 8 U.S.C. § 1186a(c)(1), (d)(2)(A); 8 C.F.R. § 216.2(b). But, in April 2009, they divorced, and Ms. Overton could not then remove the condition absent waiver of the joint petition requirement. 8 U.S.C. § 1186a(c)(1), (c)(4); 8 C.F.R. § 216.5(a)(1).

An immigration judge ("IJ") denied Ms. Overton's application for the waiver and her alternative request for voluntary departure, and ordered her removed. The Board of Immigration Appeals ("BIA") dismissed her appeal and subsequently denied her motion to reopen. We have jurisdiction over her petitions for review from those BIA decisions under 8 U.S.C. § 1252 and deny the petitions.

Substantial evidence supported the IJ's finding that Ms. Overton did not enter her marriage to Clark in good faith. *See Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1147 (9th Cir. 2005) (noting standard of review); 8 U.S.C. § 1186a(c)(4)(B); 8 C.F.R. § 216.5(a)(1)(ii). Most significantly, Ms. Overton had a total of eight children with another man before, during, and after her marriage to Clark. We lack jurisdiction to review the IJ's denial of voluntary departure. *Oropeza-Wong*, 406 F.3d at 1141.

The BIA did not abuse its discretion in determining that Ms. Overton's motion to reopen offered no previously unavailable material evidence to support a purported fear of persecution if removed to Mali. *See Najmabadi v. Holder*, 597 F.3d 983, 986

2

(9th Cir. 2010) (noting standard of review).

**PETITIONS DENIED.**